VENTERS, J.,
CONCURS:
I fully concur with the Majority opinion including the conclusion that Crutcher is entitled to no relief with respect to his belated discovery that the right to a public trial was somewhat abridged. I also agree that this is not the case to parse the difference between the public trial right protected by the Sixth Amendment of the United States Constitution and the corresponding right set forth in Section 11 of the Kentucky Constitution, but I write separately to highlight an important but subtle difference between the two.
Section 11 may not be “more robust than its federal counterpart,” but it is different in a way that is worth noting. I suggest that under the Kentucky Constitution, the right to a public trial belongs to the people, the general citizenry; it does not belong exclusively to the defendant, and so the right to a public trial is not his to waive. A criminal defendant cannot waive the right to a public trial, although he may waive his right to complain on appeal about the denial of a public trial.
The Sixth Amendment provides in pertinent part, “In all criminal prosecutions, the accused shall enjoy the right to a ... public trial.” That language presents a clear manifestation of a right that is the defendant’s to enjoy. In contrast, Section 11 of the Kentucky Constitution provides that “in all prosecutions ... [the accused] shall have a speedy public trial.” I take that language to mean the trial shall be public whether the defendant wants it that way or not. Section 11 makes it imperative that criminal trials are to be open to the public. It creates a right that belongs to the people, anyone of the general citizenry, to assure that no criminal adjudications take place behind closed doors regardless of the defendant’s preference on the subject.
I do not diminish the usual interest of the accused to have a public trial. But in my view, the greater menace averted by Section 11 is the secret disposition of criminal cases without the public’s knowledge. Section 11 protects the greater good of assuring that the public business of administering justice is done in the open for all to see. To that extent, I submit that Crutcher had no ability to waive the right to a public trial, but he certainly could, and he certainly did waive his right to complain about it.
Keller, and Wright, JJ., join.